[S. F. No. 10898. In Bank.—January 9, 1924.]

## ELMIRA J. WILBUR, Petitioner, v. SUPERIOR COURT, etc., et al., Respondents.

[1] BILLS OF EXCEPTIONS — SETTLEMENT — TIME — JURISDICTION.—A trial court has jurisdiction to settle a bill of exceptions, notwithstanding that orders of extensions granted by it extended the period for engrossment more than thirty days beyond the period fixed by the statute.

[2] ID.—APPLICATION FOR CERTIFICATION OF ENGROSSED BILL—OMISSIONS—DISMISSAL.—Upon the hearing of an application for certification of an engrossed bill of exceptions, if it appears that anything has been omitted from the bill as engrossed, the trial judge, instead of dismissing the proceeding, should direct the petitioner to incorporate therein the portion of the record so omitted, and if the order settling the bill is uncertain, he should remedy the defect by directing the addition of omitted portions of the record to the engrossed bill tendered.

APPLICATION for a Writ of Mandate to require certification of an engrossed bill of exceptions. Writ granted.

The facts are stated in the opinion of the court.

Keyes & Erskine for Petitioner.

Frank McGowan, Blaine McGowan, Lawrence Schilling and A. H. Hewitt for Respondents.

THE COURT.—The bill of exceptions herein was settled and ordered engrossed in pursuance of a stipulation be-

tween the parties. The time for the engrossment of the bill of exceptions was extended from time to time and was presented for certification to the trial judge more than forty days after the order settling the bill. Upon application to the trial judge for certification of the engrossed bill of exceptions objection to such certification was made by the opposing party upon the ground that the engrossed bill did not conform to the order settling the proposed bill, for the reason that certain matter referred to in the order was not incorporated in the engrossed bill. The trial judge declined to certify to the bill and made an order dismissing the proceedings for a bill of exceptions. [1] The trial court had jurisdiction to settle the bill of exceptions, notwithstanding that the orders of extensions granted by it extended the period for engrossment more than thirty days beyond the period fixed by the statute. (*McCarty* v. *Wilson,* 184 Cal. 194 [193 Pac. 578]). [2] Upon the hearing, if there was anything omitted from the bill as engrossed, the trial judge instead of dismissing the proceedings should have directed the petitioner to incorporate therein the portion of the record so omitted, and if the order settling the bill of exceptions was uncertain, should have remedied the defect by its order directing the addition of omitted portions of the record to the engrossed bill tendered by the petitioner.

We have not passed upon the contentions of the parties with relation to what should be included in the engrossed bill of exceptions, but will leave that matter solely to the determination of the trial judge. A writ of *mandamus* will be issued requiring the respondent judge to settle and certify the bill of exceptions.